ORFINGER, J.
Mark Anthony Smith appeals the denial of his second motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] Relying on Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), Smith argues his aggregate forty-year concurrent prison term-of-years sentences for three counts of burglary of a dwelling with a weapon and an assault or battery, as well as aggravated assault, aggravated battery and kidnapping, committed when he was sixteen years old, amount to a de facto life sentence in violation of the prohibition on cruel and unusual punishment. We disagree, as we do not believe Smith’s sentence amounts to a life sentence or that Graham is controlling.
*531 As the Second District Court of Appeal explained in Walle v. State, 99 So.3d 967, 970 (Fla. 2d DCA 2012):
The Supreme Court itself limited the scope and breadth of its decision in Graham by stating that its decision “eon-cern[ed] only those juvenile offenders sentenced to life without parole solely for a nonhomicide offense.” Id. at 2028. From this statement we identify the four necessary analytical factors: (1) the offender was a juvenile when he committed his offense, (2) the sentence imposed applied to a singular nonhomicide offense, (3) the offender was “sentenced to life,” and (4) the sentence does not provide the offender with any possibility of release during his lifetime.
Only the first of these four enumerated factors, Smith’s status as a juvenile at the time of his offenses, is met here. The remaining factors lead us to conclude that Smith’s sentences do not amount to de facto life sentences, and consequently, do not violate the prohibition on cruel and unusual punishment.
As we explained in Henry v. State, 82 So.3d 1084, 1089 (Fla. 5th DCA), review granted, 107 So.3d 405 (Fla.2012):
If we conclude that Graham does not apply to aggregate term-of-years sentences, our path is clear. If, on the other hand, under the notion that a term-of-years sentence can be a de facto life sentence that violates the limitations of the Eighth Amendment, Graham offers no direction whatsoever. At what number of years would the Eighth Amendment become implicated in the sentencing of a juvenile: twenty, thirty, forty, fifty, some lesser or greater number? Would gain time be taken into account? Could the number vary from offender to offender based on race, gender, socioeconomic class or other criteria? Does the number of crimes matter? There is language in the Graham majority opinion that suggests that no matter the number of offenses or victims or type of crime, a juvenile may not receive a sentence that will cause him to spend his entire life incarcerated without a chance for rehabilitation, in which case it would make no logical difference whether the sentence is “life” or 107 years. Without any tools to work with, however, we can only apply Graham as it is written. If the Supreme Court has more in mind, it will have to say what that is.
(Footnotes omitted).
AFFIRMED.
PALMER and WALLIS, JJ., concur.

. Smith’s convictions were affirmed on direct appeal. See Smith v. State, 967 So.2d 1002 (Fla. 5th DCA 2007). He did not appeal the denial of his initial rule 3.850 motion for postconviction relief. We find that Smith’s double jeopardy claim is both procedurally and time barred.